**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000032**
**23-MAY-2014**
**08:59 AM**

NO. CAAP-12-0000032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHADWICK T. RUSHFORTH, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-00509)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Chadwick T. Rushforth (Rushforth) appeals from the "Order and Notice of Entry of Order," filed December 20, 2011, in the District Court of the First Circuit, Honolulu Division (district court),[1] in which, after a bench trial, the district court found Rushforth guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2013).[2]

---

[1]  The Honorable Philip Doi presided.

[2]  HRS § 291E-61 provides in pertinent part:
      **§291E-61 Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
            (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Rushforth contends that (1) the charge was insufficient because Plaintiff-Appellee State of Hawai'i (State) failed to allege the requisite *mens rea*, and (2) there was insufficient evidence to support the conviction.

Upon careful review of the record and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rushforth's appeal as follows and remand the case to the district court with instructions to dismiss without prejudice.

## I. Sufficiency of the Charge

Rushforth did not challenge the sufficiency of the charge in the district court and instead raises this issue for the first time on appeal. Addressing a similar situation, this court recently stated,

> [w]here the appellant alleges a charge is defective for the first time on appeal, an appellate court must "liberally construe the indictment in favor of validity." State v. Motta, 66 Haw. 89, 93, 657 P.2d 1019, 1021 (1983); see also State v. Wells, 78 Hawai'i 373, 894 P.2d 70 (1995). In such circumstances, a conviction will not be vacated 'unless the defendant can show prejudice or that *the indictment cannot within reason be construed to charge a crime*." Motta, 66 Haw. at 91, 657 P.2d at 1020 (emphasis added).

State v. Nabarro, No. CAAP-12-0000279, 2014 WL 1744076, at *1 (App. Apr. 29, 2014) (SDO) (original brackets omitted).

We further noted in Nabarro, however, that the Hawai'i Supreme Court has "ruled that, even under the liberal construction standard, because the charge failed to allege the required *mens rea*, the charge 'cannot be reasonably construed to state an offense.'" Id. (citation omitted) (quoting State v. Apollonio, 130 Hawai'i 353, 358, 311 P.3d 676, 681 (2013)).

The charge in this case was deficient for failing to allege the requisite *mens rea*. Pursuant to State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), a charge under HRS § 291E-61(a)(1) must allege the requisite *mens rea*. *Id.* at 50, 276 P.3d at 619. Because HRS § 291E-61 itself does not specify a state of mind, HRS § 702-204 (1993) applies. 127 Hawai'i at 53, 276 P.3d at 622. HRS § 702-204 provides, "[w]hen the state of mind

2

required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." Accordingly, the charge should have alleged that Rushforth acted intentionally, knowingly, or recklessly as to the elements of the offense.

## II. Sufficiency of the Evidence

Although the charge was deficient, we must also address Rushforth's assertion that there was insufficient evidence adduced at trial to support his conviction. See State v. Davis, No. SCWC-12-0000074, 2014 WL 747422, at *20 (Haw. Feb. 26, 2014); On appeal, Rushforth argues that the State failed to adduce sufficient evidence that the H-1 freeway (H-1), where the offense allegedly occurred, was a "public way, street, road, or highway."

"[T]he operation of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." State v. Wheeler, 121 Hawaiʻi 383, 393, 219 P.3d 1170, 1180 (2009) (citing HRS § 702-205 (1993)). In this case, therefore, the State was required to prove, among other things, that Rushforth operated a vehicle *upon a public way, street, road, or highway.* See HRS 701-114(1)(a) (1993).

In reviewing the sufficiency of the evidence, we apply the following standard:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (citation omitted, brackets in original).

During the bench trial, the evidence established that Rushforth was in a collision while driving on the H-1 near the Lunalilo exit. Rushforth contends, however, that the State failed to adduce sufficient evidence that the offense charged

3

took place upon a "public way, street, road, or highway."

The definition of "public way, street, road, or highway," as set forth in HRS § 291E-1 (2007 and Supp. 2013), provides in part that:

> "Public way, street, road, or highway" includes:
>
> (1)    The entire width, including berm or shoulder, of <u>every</u> road, alley, street, way, right of way, lane, trail, <u>highway</u>, or bridge; . . .

(Emphasis added.)

In the Statewide Traffic Code, "highway" is defined as "the entire width between the boundary lines of every way publicly maintained . . . when any part thereof is open to the use of the public for purposes of vehicular travel." HRS § 291C-1 (2007). Based on the evidence adduced during the bench trial, H-1 was clearly open to the public for the purposes of vehicular travel. Moreover, we take judicial notice that H-1 is publicly maintained.[3] <u>See</u> HRS § 264-43 (Supp. 2013) ("The department of transportation shall . . . maintain . . . all highways comprising the state highway system . . . ."); Hawaii Administrative Rules § 19-102-2 (providing that interstate highways are part of the state highway system); <u>Stop H-3 Ass'n v. Dept. of Transp.</u>, 68 Haw. 154, 156 n.1, 706 P.2d 446, 448 n.1 (1985) ("The [interstate highway] system is comprised of H-1, H-2, and H-3."). Therefore, H-1 comes within the definition of a "public way, street, road, or highway" because it meets the definition of a "highway."

Accordingly, there was sufficient evidence adduced to prove that Rushforth operated his vehicle on a "public way, street, road, or highway." The State is thus not precluded on double-jeopardy grounds from retrying Rushforth. <u>See</u> <u>Davis</u>, 2014 WL 747422, at *22-23.

---

[3]    The State requests that we take judicial notice, pursuant to Hawai'i Rules of Evidence (HRE) Rule 201 (1993), that H-1 is a "public way, street, road, or highway." Under HRE Rule 201(f), "[j]udicial notice may be taken at any stage of the proceeding."

### III. Conclusion

Due to the deficient charge in this case, the "Order and Notice of Entry of Order," filed December 20, 2011, in the District Court of the First Circuit, Honolulu Division, is vacated.  The case is remanded to the district court with instructions to dismiss without prejudice.

DATED:  Honolulu, Hawai'i, May 23, 2014.


On the briefs:

Evan S. Tokunaga
Deputy Public Defender
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge